UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


|  |  |  |
|---|---|---|
| JEROME THORPE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-cv-737(RNC) |
| | : | |
| ROBERT MARTIN et al., | : | |
| Defendants. | : | |
| | : | |

ORDER

Jerome Thorpe, an inmate at the Corrigan-Radgowski
Correctional Center, brings this action under 42 U.S.C. § 1983
against Deputy Warden Robert Martin and Doctor Kathleen Maurer
asserting claims for deliberate indifference to a serious medical
condition, degenerative arthritis of the knee joints, in
violation of the Eighth Amendment.  Thorpe alleges that Deputy
Warden Martin has refused to raise the temperature in his cell,
which would help reduce the pain he experiences, and has also
failed to provide him with special footwear, which could ease his
pain.  He alleges that Dr. Maurer has refused to perform knee-
replacement surgery.  Defendants have moved to dismiss the action
for failure to state a claim on the ground that the complaint
does not allege a violation of the Eighth Amendment.  I agree and
therefore grant the motion to dismiss.

1

To survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotation marks and citation omitted). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint need not allege "detailed factual allegations," but must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Twombly, 550 U.S. at 544 (internal quotation omitted).

Deliberate indifference to a serious medical need constitutes unnecessary and wanton infliction of pain, which violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Deliberate indifference involves more than just negligence or medical malpractice; it is a form of misconduct akin to criminal recklessness. In general, prison officials act with deliberate indifference when they are aware of and disregard a substantial

risk of serious harm to an inmate's health or safety. A doctor acts with deliberate indifference if she knows of and ignores an inmate's serious medical need. Prison officials who are not doctors act with deliberate indifference toward an inmate's serious medical need when they intentionally deny or delay access to needed medical care.

Accepting as true and generously construed, plaintiff's allegations may sufficiently allege that he has a serious medical condition for which treatment is required. He alleges that he has degenerative joint disease, which causes severe pain on a daily basis. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000) ("A serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.") (internal quotations omitted). However, plaintiff has not alleged facts permitting the reasonable inference that the defendants have been deliberately indifferent to a serious medical need.

Plaintiff alleges that Dr. Maurer refuses to authorize needed knee replacement surgery. A prisoner's disagreement with a physician's course of treatment does not provide a basis for an Eighth Amendment claim. Sond v. St. Barnabus Hosp. Corrective Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001). There are no allegations in the complaint that Dr. Maurer has

disregarded an excessive risk to the plaintiff's health or safety by failing to authorize the surgery.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Even assuming plaintiff could prove that Dr. Maurer has negligently failed to order surgery, that would not suffice to support an Eighth Amendment claim. The complaint is therefore dismissed as to defendant Maurer.

With regard to Deputy Warden Martin, plaintiff alleges that the temperature in his cell never exceeds 65 degrees.  There is no allegation that the temperature is so cold as to constitute a "denial of the minimal civilized measure of life's necessities." Tapp v. Taylor, No. 05-CV-1442 (LEK/DRH), 2009 WL 2473499, at *4 (N.D.N.Y. Aug. 7, 2009) (internal quotations omitted). Accordingly, the allegations concerning the temperature in plaintiff's cell are construed as a deliberate indifference claim reflecting disagreement over appropriate treatment for the plaintiff's knees.  As noted above, a plaintiff's disagreement with prison officials as to what constitutes appropriate medical care will not suffice to state an Eighth Amendment claim.  Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

As to plaintiff's claim that he has not been given proper footwear, the complaint provides insufficient allegations to

support a finding that Deputy Warden Martin either intended to deny plaintiff access to needed medical care or wantonly inflicted unnecessary pain.  <u>Estelle</u>, 429 U.S. at 104.  Again, mere negligence will not support a Section 1983 claim.  <u>See</u> <u>Estelle</u>, 429 U.S. at 104-06.  Accordingly, the complaint is dismissed as to Deputy Warden Martin.

If plaintiff believes he can amend his allegations to cure the deficiencies discussed in this ruling, he may file an amended complaint on or before October 23, 2017.

So ordered this 30th day of September 2017.

/s/ RNC
Robert N. Chatigny
United States District Judge
